UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FIRST CHATHAM BANK,

Plaintiff,

v.  4:13-cv-94

MISCHLER LAWSON DEVELOPMENT
COMPANY, LLC and WILLIAM J.
MISCHLER,

Defendants.

## ORDER

On February 6, 2014, the Court granted summary judgment in favor of First Chatham Bank on a claim of breach of a promissory note contract. ECF No. 24. The Court requested clarification on the damages calculation, including explicit accounting on the application of settlement funds from an additional former defendant. *Id.* at 2. Plaintiff has provided the Court with a satisfactory accounting, ECF No. 25.

The accounting shows a total outstanding balance on the accounts of $441,748.73. ECF Nos. 25-1 at 5-6; 25-2 at 2; 25-3 at 2. This includes the application of a $125,000 settlement with former defendant Chris Lawson. ECF No. 25-2 at 8.

The Plaintiff also claims attorney's fees pursuant to the promissory note contract. The Plaintiff initially requested exactly 15% of the total outstanding balance, ECF No. 25 at 1, but has since amended its request to align with Georgia statute. ECF No. 27 at 2. The notes at issue here contain conflicting language on whether reasonable attorney's fees should be awarded or a fixed 15% should be awarded for attorney's fees. Compare, *e.g.*, ECF No. 26-2 at 1, *with id.* at 8.

The Plaintiff argues that in the absence of a defined percentage for calculation in the contract, O.C.G.A. § 13-1-11(a) provides a definition of reasonable. *Id.* While the Court would prefer to award exact fees based on the lodestar method, as a federal court sitting in diversity, the Court will apply Georgia substantive law. *Lopez v. Target Corp.*, 676 F.3d 1230, 1235-36 (11th Cir. 2012).

O.C.G.A. § 13-1-11 states that if a note

> provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

The calculation of attorney's fees pursuant to this statute, given an outstanding balance of $441,748.73, is ($500.00 × 15%) + (($441,748.73 − $500.00) × 10%) = $44,199.88. Adding this amount to the principal, the total award shall be $485,948.61,[1] and the Court **ORDERS** the Clerk to enter judgment in favor of Plaintiff for this amount.

This 25 day of March 2014.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff has a small discrepancy in its brief, ECF No. 27 at 3, because it completes its calculation with $441,748.33 as the balance on the notes.